UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Cargo Policy No. 01RIOM0000097-01, as subrogated insurers of Scan Global Logistics, | Case No.: 3:25-cv-02972-WQH-DEB |
| Plaintiff, | **ORDER** |
| v. | |
| IPI LLC and DOES 1–10, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Request for Entry of Clerk Default filed by Plaintiff Certain Underwriters at Lloyd's, London. (ECF No. 11.)

## I.    BACKGROUND

On November 3, 2025, Plaintiff Certain Underwriters at Lloyd's, London ("Plaintiff") filed a Complaint against Defendants ICI LLC and Does 1–10, asserting claims related to alleged cargo loss and damage from the interstate motor carriage of electronic equipment. (ECF No. 1.)

On November 14, 2025, Plaintiff filed a First Amended Complaint ("FAC") against IPI LLC ("Defendant") and Does 1–10. (ECF No. 8.)

1

On December 11, 2025, Plaintiff filed a Proof of Service of Summons and Complaint ("Proof of Service"), regarding the attempted service of the FAC and Summons on Defendant. (ECF No. 10.)

On March 9, 2026, Plaintiff filed a Request for Clerk Entry of Default. (ECF No. 11.) Defendant has not entered an appearance in this action.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) [] refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982) (citing 6 Moore's Federal Practice § 55.03(1) (1976 ed.)); *see also Nix v. Lasnik*, No. 2:18-CV-01147-RHW, 2019 WL 13240874 (W.D. Wash. Jan. 2, 2019) (denying plaintiff's application for entry of default). "It is within the Court's discretion whether to enter a default even when a defendant is technically in default for failing to answer or otherwise appear." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (citation omitted). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Joe Hand Promotions, Inc. v. Talayarathe*, No. 11-2554-SC, 2012 WL 1815622 (N.D. Cal. May 17, 2012) (quotations and citation omitted).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 683 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).

3:25-cv-02972-WQH-DEB

## III.    DISCUSSION

The Court assesses whether Plaintiff has submitted proper proof of service of the FAC and Summons on Defendant. Because Defendant is a limited liability corporation, the rules for service of process on corporations apply.

Federal Rule of Civil Procedure 4(h) states in relevant part:

> a domestic or foreign corporation . . . must be served . . . [(1)(A)] in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff's Proof of Service states that the process server served Defendant at an address in Weatherford, Texas. (ECF No. 10-1 at 4.) Accordingly, the Court must determine whether service was proper under either Federal Rule of Civil Procedure 4, Texas state law, or California state law.

### 1.    Federal Rule of Civil Procedure 4

Despite the Rule's language, service of process under Rule 4 "is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail*, 840 F.2d at 688. Service can also be made "upon a representative so integrated with the organization that he will know what to do with the papers" or an "individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (quotations and citations omitted). Assessing whether service on such an individual satisfies Rule 4 "depends on a factual analysis of that person's authority within the organization." *Id.* (quotations and citations omitted).

3:25-cv-02972-WQH-DEB

In the Proof of Service, one of Plaintiff's process servers avers that she "left the summons at the individual's residence or place of abode with [] John Cole, a person of suitable age and discretion who resides there, on [November 25, 2025]." (ECF No. 10-1 at 3.) An additional process server states that she mailed the FAC and Summons on November 26, 2025, "with First Class postage thereon fully prepaid," to the following address: "IPI LLC, 105 Hyde Away Lane, Weatherford, TX 76085." *Id.* at 4. Along with its Request for Clerk Entry of Default, Plaintiff submits a copy of Defendant's filing with the Texas Secretary of State's office from 2024, which lists the same Hyde Away Lane address. (ECF No. 11-2 at 2.) The filing also lists an individual named Ilona Bak as Defendant's registered agent, at the same Hyde Away Lane address. *Id.*

Here, Plaintiff did not serve Defendant's listed registered agent (Ilona Bak), but instead served an individual named John Cole. Plaintiff provides no information about the size of IPI LLC, Mr. Cole's role within the company, or whether Mr. Cole even worked for the company. Nor does it cite any caselaw supporting the assertion that service upon Mr. Cole satisfied Rule 4. Without an appearance by Defendant, the Court does not know whether it actually became aware of the lawsuit against it. Because Plaintiff does not offer other "evidence that [Mr. Cole] was [himself] a general agent authorized by appointment or law or another individual who was in a position of authority to receive service on behalf of" the Defendant, the Court finds that Plaintiff has failed to demonstrate compliance with Rule 4. *AK Futures LLC v. LCF Labs, Inc.*, No. 8:21-cv-02121-JVS(ADSx), 2023 WL 5503090, at *4 (C.D. Cal. Jul. 21, 2023); *see also Quanex IG Sys., Inc.*, 2015 WL 13918224 at *2 (finding service improper under Rule 4 where plaintiff did not submit evidence regarding any of the *Direct Mail* factors); *Zhejiang Panan Kanglida Indus. Co., Ltd. v. Pilot Inc.*, No. 2:23-cv-08505-SPG-(PVCx), 2024 WL 944228, at *4 (C.D. Cal. Feb. 8, 2024) (same).

### 2. Texas Law

"Texas law requires strict compliance with the rules governing service of citation." *Lawton Candle, LLC v. BG Personnel, LP*, 690 S.W.3d 122, 124 (Tex. App. 2024). Texas

3:25-cv-02972-WQH-DEB

Rule of Civil Procedure 106 allows for service by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). "When the citation was served by registered or certified mail as authorized by Rule 106, the return [of service] must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).

"Because a corporation is not a person capable of accepting process, it must be served through an agent." *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App. 2015) (citing *Paramount Credit Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013)). "Accordingly, when a corporation is served by registered or certified mail as authorized by Rule 106, the record must show that [the] citation was delivered to the defendant through an agent authorized to receive service of process for the corporation in order to establish that the corporation was served." *Id.* (citations omitted).

Texas requires corporations to designate a "registered agent" to accept service of process. Tex. Bus. Orgs. Code Ann. § 5.201. "A plaintiff may serve a corporation's registered agent, its president, or its vice-president in order to perfect service of process on a defendant corporation." *JD Auto Corp. v. Bell*, 697 S.W.3d 441, 452 (Tex. App. 2024) (citations omitted); *see also* Tex. Bus. Orgs. Code Ann. §§ 5.201(b), 5.255(1). Further, "each manager of a manager-managed domestic limited liability company and each member of a member-managed domestic limited liability company is an agent of that limited liability company" authorized to receive service of process. *Lawton Candle*, 690 S.W.3d at 126 (citing Tex. Bus. Orgs. Code Ann § 5.255(3)).

Here, the Proof of Service suggests that Mr. Cole is not the registered agent of Defendant. (*See* ECF No. 11-2 at 2 (identifying the registered agent as Ilona Bak).) The record likewise contains no evidence that Mr. Cole held any position authorized to accept service on Defendant's behalf. Although Plaintiff mailed the pleadings to Defendant's address, it has not produced a return receipt containing the signature of Defendant's agent, as required by Rule 107. *See Araujo*, 456 S.W.3d at 640 (finding service improper where

plaintiff mailed citation to defendant corporation's business address and failed to show that individual who accepted the mail by signing the return receipt was corporation's agent); Tex. R. Civ. P. 107(c). Accordingly, Plaintiff fails to establish that it served Defendant in compliance with Texas law.

### 3. California Law

Under California law, "[a] summons may be served on a corporation by delivering a copy of the summons and the complaint" to either "the person designated as agent for service of process" by the corporation, "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code §§ 416.10(a)–(b). Plaintiff failed to comply with § 416.10 because it does not list any facts describing Mr. Cole's position or indicating that Defendant designated Mr. Cole as its agent or otherwise authorized him to receive service on Defendant's behalf. *See Dill v. Berquist Constr. Co.*, 29 Cal. Rptr. 2d 746, 755 (Cal. Ct. App. 1994) (finding that plaintiff failed to satisfy § 416.10 because he provided no evidence that the individuals served had authority to accept service on defendant corporation's behalf).

Plaintiff contends that it properly served Defendant pursuant to California's substitute service provision, California Code of Civil Procedure § 415.20. (ECF No. 11 at 1.) California's substitute service statute provides, in relevant part, that:

> in lieu of personal service on a corporate officer or authorized agent listed in section 416.10, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . *with the person who is apparently in charge thereof*, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

*Chinese Theater, LLC v. Starline Tours USA, Inc.*, 338 Cal. Rptr. 3d 690, 695 (Cal. Ct. App. 2025) (quoting Cal. Civ. Proc. Code § 415.20(a) (emphasis added)). Proof of service made under this provision requires an affidavit that "recite[s] or in other manner show[s] the name of the person to whom a copy of the summons and of the complaint were

delivered, and, if appropriate, *the person's title or the capacity in which the person is served*." Cal. Civ. Proc. Code § 417.10 (emphasis added).

To satisfy § 415.20, "[t]here must be some indication warranting a finding the [individual served] is someone 'apparently in charge' and reasonably likely to deliver the service documents to the intended recipient and the service declarations should reflect some basic facts upon which the finding was made." *Chinese Theater*, 338 Cal. Rptr. 3d at 697. Here, the Proof of Service provides no facts about Mr. Cole besides that he is "a person of suitable age and discretion who resides" at the address of service. (ECF No. 10-1 at 3.) Without more, the Court cannot conclude that Mr. Cole was "apparently in charge" of Defendant's business office as required under § 415.20. Accordingly, Plaintiff fails to demonstrate that service of Defendant complied with California law.

Because Plaintiff has failed to submit proof that it served Defendant in compliance with Federal Rule of Civil Procedure 4, Texas law, or California law, the Court declines to enter default against Defendant. *See, e.g.*, *Nailing v. City of Los Angeles*, No. 2:22-cv-07224-AB-JC, 2023 WL 6370620 (C.D. Cal. Aug. 4, 2023) (denying plaintiff's request for entry of default due to improper proof of service).

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Request for Clerk Entry of Default (ECF No. 11) is denied without prejudice.

IT IS FURTHER ORDERED that within forty-five (45) days from the filing of this Order, Plaintiff shall file a renewed request for entry of default, accompanied by proof of service of Defendant in a manner that comports with Federal Rule of Civil Procedure 4 and/or applicable state law.

Dated:  June 23, 2026

Hon. William Q. Hayes
United States District Court